CONNOLLY, Respondent, vs. WAUSHARA GRANITE COMPANY, Appellant.

*December 7, 1915—March 14, 1916.*

*Master and servant: Injury to employee in quarry: Unsafe working place: Contributory negligence.*

In an action for injury to a drill man working in a granite quarry, caused by a loose piece of rock being displaced and coming down upon his foot, the evidence is *held* to support findings by the jury to the effect that defendant negligently failed to provide a safe place for plaintiff to work and that plaintiff was not guilty of contributory negligence.

APPEAL from a judgment of the circuit court for Waushara county: BYRON B. PARK, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *McCabe & Dahlman* and *John J. Wood, Jr.,* and oral argument by *Maurice W. McCabe.*

For the respondent there was a brief by *Goggins & Brazeau,* of counsel, and *E. F. Kileen,* attorney, and oral argument by *Theo. W. Brazeau.*

The following opinion was filed January 11, 1916:

TIMLIN, J. The plaintiff was an experienced drill man working in defendant's granite quarry. His regular work was drilling holes in blocks of granite detached from the ledge by some other workmen by blasting about three weeks prior to the injury. Plaintiff's drill work was for the purpose of breaking these detached stones along the line of drill holes into pieces convenient for handling or manufacture. Near the place of plaintiff's injury was a bench of stone in or adjacent to the ledge, having an upper surface of about ten by twelve feet and worked down so that its upper surface was six or eight feet from the bottom of the quarry. From the bottom of the quarry, slanting up to the top of this bench, was a filling of loose stone detached by some prior blast made before the plaintiff began work in the quarry. Plaintiff

went to the top of the bench to assist with a crowbar a fellow workman to move a stone from the bench and throw it down toward the bottom, there to be marked and drilled as said. Observing that he had left his hammer and drills where the stone they were moving might fall on them, he descended from the bench and removed·them and then started back up to the bench·to complete the removal of the piece of rock. On his way up he accidentally stepped on a loose piece of rock, which act shook or displaced a large loose piece of rock about three feet higher up, which came down on plaintiff's foot, injuring it. At first the injury did not appear very serious, but, apparently without fault of the plaintiff, it so progressed that amputation of the foot became necessary.

Liability is predicated upon the claim that the defendant did not furnish as safe a place in which to work as the nature of the work would permit and that the finding of the jury brings the case within the rule of *Dolphin v. Peacock M. Co.* 155 Wis. 439, 448, 144 N. W. 1112; *Rosholt v. Worden-Allen Co.* 155 Wis. 168, 144 N. W. 650; *Sparrow v. Menasha P. Co.* 154 Wis. 459, 143 N. W. 317.

There was evidence tending to show that in the usual operation of such quarries the men who blasted down from the ledge, after a blast, dislodged all the unstable overhanging stone and let them roll down toward the bottom of the quarry, and there is evidence from what happened here that this was not done or was not properly done in the instant case. It would serve no good purpose to narrate the evidence more specifically. Suffice it to say that we are convinced that on the question of the defendant's negligence and the plaintiff's contributory negligence and the amount of damages legally consequent upon the injury, there was evidence to support the verdict, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on March 14, 1916.